DANIEL M. WATKINS *v.* JOHN M. COUSALL and another.

A person who has effected a sale of property, in the capacity of broker, cannot recover double commissions by means of separate agreements with the seller and purchaser, in which he had contracted with and for each, expressly or by implication, to secure the best possible terms in the negotiation.  The two employments are incompatible; and having received commissions from one party, he cannot obtain additional compensation from the other.

A party who assigns a claim, and becomes a witness to prove it, places himself in a position where his testimony will be looked at with more doubt than in other cases; and where contradicted on a material point, he cannot complain if credit is withheld from him.

The credibility of a witness is a matter for the jury or court before whom a cause is tried.   Their decision thereon will not be interfered with on appeal.

THIS was an appeal from the third district justice's court. The plaintiff's case was sustained principally by the evidence of one Lewis, who testified that he (Lewis) had sold a house belonging to the defendants for $3,950, under an agreement with them that he should obtain at least that sum for the house; that if the sale produced more, the excess should belong to him; and that they would in any event pay him a

commission. The suit was brought for the commission, in the name of the plaintiff, to whom the witness stated that he had assigned his claim. The evidence upon this part of the defendants' alleged agreement was contradicted. It was proved that the purchaser had paid Lewis a commission equal in amount to that now claimed from the defendants. On the trial, which took place before Justice Meech, the defendants recovered judgment.

*J. Palmer* and *T. W. Waterman*, for appellant.

*John B. Scoles*, for respondents.

BY THE COURT. INGRAHAM, FIRST J.—The credibility of a witness is a matter for the jury or court before whom the cause is tried, and with their decision on such a point we do not interfere on appeal.

Upon the merits, we see no ground for saying that the justice has erred. A party who assigns a claim, and becomes a witness to prove it, places himself in a position where his evidence is to be looked at with more doubt than in other cases; and when such person is contradicted on a material matter, he cannot complain that credit is withheld from him.

There is also another fact apparent on these papers which throws doubt on the plaintiff's claim, viz., that Lewis received from the purchaser the same amount of commission that is claimed from the seller. In making a bargain, a broker can hardly act with fairness if he expects to be paid by both parties. According to Lewis' statement, as proved by defendants' witnesses, he was to get all he could over $3,950, and if he was employed by the purchaser also, it could only have been to have purchased the house on as reasonable terms as possible. These two employments are entirely incompatible. The faithful discharge of one would be a violation of duty to the other, and under such circumstances, commissions should not be recovered from both.

There is no reason to interfere with the decision of the court below.

Judgment affirmed.